IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAURICE A. SMITH,

                                    OPINION AND ORDER

          Plaintiff,

                                      12-cv-213-slc[1]

     v.

DIEDRA MORGAN, TERESA PETERSON,
JOSH WICHMANN, and GARY HAMBLIN,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In his proposed complaint for compensatory and injunctive relief, pro se plaintiff Maurice Smith contends that defendants Diedra Morgan, Teresa Peterson, Josh Wichmann and Gary Hamblin violated his right of access to the courts by denying him legal loans that he needed to appeal his criminal conviction, to pursue civil litigation in <u>Smith XRE v. Wallace</u>, Dane County Case No. 2011IP000074 and <u>Smith v. Wallace</u>, Case No. 11-cv-646-bbc (W.D. Wis.), and to appeal his inmate complaints.

     Plaintiff has made an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1), so I must screen his complaint to determine whether it states a claim upon which relief may be granted, as required by 28 U.S.C. §§ 1915(e)(2) and 1915A. Having reviewed the complaint, I conclude that plaintiff cannot be allowed to proceed at this time, because his complaint does not provide defendants sufficient notice about how their actions

---

[1] For purposes of issuing this order, I am assuming jurisdiction over this case.

1

hindered his litigation.

For purposes of this screening order, I accept plaintiff's allegations as true. Where necessary for clarity, I have supplemented plaintiff's allegations with facts from the judicial record relating to his other litigation.

ALLEGATIONS OF FACT

Defendant Diedra Morgan is the warden of the Oakhill Correctional Institution, defendant Teresa Peterson is its business office manager, and defendant Josh Wichmann is an institutional complaint examiner. Defendant Gary Hamblin is Secretary of the Wisconsin Department of Corrections.

Plaintiff was an inmate at the Oakhill Correctional Institution from November 17, 2011, until he was released on parole on May 15, 2012. Before his transfer to the Oakhill Correctional Institution, plaintiff had filed two civil lawsuits against prison officials. He filed a proposed complaint in this court, Smith v. Wallace, Case No. 11-cv-646-bbc (W.D. Wis.), in which he alleged that officers at the Chippewa Valley Correctional Treatment Facility violated his right of access to the courts by seizing computer disks containing legal materials. On October 26, 2011, he filed a petition for a writ of certiorari with the Circuit Court for Dane County, Smith XRE v. Wallace, Dane County Case No. 2011IP000074. On November 4, 2011, Judge Flanagan denied his petition for writ of certiorari and the case is now closed.

On November 11, 2011, plaintiff wrote to defendant Peterson requesting a legal loan.

She gave him a legal loan application form on November 22, 2011, which he completed and filed the next day. Peterson returned the application on November 29, stating that it was filled out incorrectly. Plaintiff filed another application on December 1; again it was returned as filled out incorrectly. At that point, plaintiff "made [Peterson] aware of my deadlines of November 29, 2011, the 1983 civil claim, the writ of certiorari," and the Inmate Complaint Review System. (The complaint includes no other allegations about this November 29, 2011 deadline.)

On December 13, 2011, Peterson approved plaintiff's legal loan application for postage only. That day, plaintiff sent another request, stating that a loan for postage was insufficient because "he needed copies of supporting documents." (The complaint includes no allegations about what supporting documents he needed or why he needed them.)

On December 14, 2011, this court denied plaintiff's motion to proceed in Smith v. Wallace, set a deadline of December 30 for plaintiff to file an amended complaint and told him that he needed to identify what litigation was hindered by the defendants at the Chippewa Valley Correctional Treatment Facility and how it was hindered.

Plaintiff made another inquiry about his loans on December 21, 2011, and was again told that his loan covered postage only. He wrote interview requests on December 21 and 26, to which defendant Peterson replied "Let's start all over with your legal loan. Please resumbit a new request with exactly what you need the loan for." He submitted another loan request on December 27.

On December 28, 2011, within the deadline, he submitted a proposed amended

3

complaint in Smith v. Wallace, Case No. 11-cv-646-bbc (W.D. Wis.).

On January 5, 2012, plaintiff received a memo from Peterson in which she stated that his loan application had been reviewed and denied. Citing Wis. Admin. Code § 309.51.01, Peterson concluded that plaintiff was not eligible for legal loan funding because his loan from the prior year was outstanding and none of his pending legal matters were "extraordinary circumstances," as defined by the code. At the time, plaintiff's outstanding balance was $18. Plaintiff suspected that Peterson was in contact with the employees of the Columbia Correctional Institution or Chippewa Valley Correctional Treatment Facility and intended to interfere with his lawsuits against them.

Plaintiff filed an offender complaint against Peterson on January 9, 2012, and requested another application on January 10. On January 12, his complaint was denied as untimely. The complaint examiner, defendant Josh Wichmann, noted that plaintiff listed the incident date as January 5, 2012, but stated that he was unable to see how that could be the date of the incident and relied instead on the date of the Peterson memo. (Plaintiff received the memo on January 5, but apparently it was dated some time earlier).

On January 12, 2012, plaintiff was called to an interview with Peterson, during which she explained that plaintiff could not obtain a loan for his criminal appeal because his case was closed. Plaintiff tried to explain that he had filed a writ of certiorari in 2011IP000074 to challenge "the actions of prison officials as it relates to the Appeal of his initial conviction, and the Certiorari in the case at Chippewa Valley Correctional Treatment Facility." He argued that he needed "copies of the Writ and supporting documents." (The complaint does

4

not explain what writ or supporting documents he needed copied or why he needed copies.) On January 17, plaintiff requested a review of the denied offender complaint.

Plaintiff tried several more ways to obtain funds. On January 20, 2012, he tried to use his release funds. It is unclear whether he was permitted to do so. On January 22, he requested another loan application for a writ of habeas corpus. Peterson denied this loan application, stating that plaintiff did not sign the application, the case had been closed and the conviction had "already gone through the appeals process, no further appeals allowed." Plaintiff filed another interview request with Peterson and the warden, defendant Morgan, on January 25.

On January 26, 2012, plaintiff received this court's opinion and order in Smith v. Wallace granting him leave to proceed on some of his claims against employees of the Chippewa Valley Correctional Treatment. In the order, the court also denied plaintiff's motion for preliminary injunction against the individuals named as defendants in this case, explaining that courts are reluctant to issue restraining orders against individuals who are not parties to the case and that plaintiff had not explained why he needed additional loans to litigate his claims in Smith v. Wallace.

On February 1, 2012, plaintiff again tried to make copies for Smith XRE v. Wallace, Smith v. Wallace, and his internal appeals. The librarian denied his request, informing plaintiff that Peterson wanted to inspect any copies plaintiff asked to be made. Around this time, plaintiff also found out that Peterson "had denied [his] postage to Judge Flanagan and the Dane County Clerk of Court."

5

On February 8, 2012, plaintiff filed another offender complaint, which Wichmann denied on February 21 because the matter had been "previously addressed." The denial was affirmed on appeal. On the same day, plaintiff also sent a letter to defendant Gary Hamblin, Secretary of the Wisconsin Department of Corrections. On February 16, plaintiff received a letter from Morgan in which she indicated that Hamblin had asked her to respond to plaintiff's letter. However, Morgan's letter mischaracterized the facts, did not address plaintiff's specific situation and focused on "a generalization of the case law."

On February 21, 2012, plaintiff received a discovery request in Smith v. Wallace from Assistant Wisconsin Attorney General John Glinkski. The discovery request asked for a response by February 29. (Plaintiff does not explain the nature of the discovery request.) On February 22, plaintiff sent the letter to Peterson along with a request for a legal loan application to comply. She denied the loan on February 28, stating "Outstanding loan from 2011." (Plaintiff does not allege whether or when he managed to respond to the discovery request.)

On February 27, 2012, plaintiff attempted to send "a response letter" to the United States Attorney General John Vaudreuil, which Peterson denied, stating "no federal case approved for legal loan." (It is unclear to what plaintiff was responding, because plaintiff has not identified any ongoing litigation in which the federal government is a party.)

On February 28, 2012, plaintiff was again denied a legal loan for Smith XRE v. Wallace because the case was closed. Plaintiff filed another interview request.

6

On March 2, 2012, plaintiff sent Peterson another loan application along with a copy of the opinion and order granting him leave to proceed in Smith v. Wallace. When Peterson responded that he was "not to write her regarding this matter," plaintiff filed another offender complaint. On March 3, plaintiff requested ink pens and 10x13 envelopes. Peterson denied the request for supplies, stating that those items were not allowed for his type of legal loan, and denied plaintiff's legal loan application because of his outstanding balance from 2011. Plaintiff filed two more offender complaints.

On March 6, 2012, plaintiff had a meeting with Wichmann about one of his inmate complaints. Wichmann admitted that he could not address many of the relevant issues for plaintiff's complaint because he lacked personal knowledge about the situation. However, the office of legal counsel provided a lengthy response to plaintiff. Plaintiff takes issue with the various legal and factual arguments made in that response.

On March 9, 2012, Peterson denied another legal loan application for Smith v. Wallace. On March 16, plaintiff received another memorandum from Morgan indicating that Secretary Hamblin had asked her to respond to plaintiff's letters. Again, plaintiff alleges that Hamblin misinterpreted the law and distorted the facts.

OPINION

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . .

7

. claim is and the grounds upon which it rests." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). Although plaintiff recounts in detail his conflicts with defendants regarding legal loans, his allegations about the injury he suffered are too vague to determine whether he has stated a claim for a denial of his right of access to the courts.

Prisoners have a constitutional right to "meaningful access to the courts" to pursue post conviction remedies and to challenge the conditions of their confinement. Bounds v. Smith, 430 U.S. 817, 821-22 (1977); Lehn v. Holmes, 364 F.3d 862, 865-66 (7th Cir. 2004). A prisoner seeking to bring a claim for denial of the right of access to the courts must establish that he suffered an "actual injury" from defendants' actions. Lewis v. Casey, 518 U.S. 343, 350-54 (1996). This "injury requirement is not satisfied by just any type of frustrated legal claim," because the right of access to courts only requires prisons to provide inmates only with the materials required "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Id. at 355; Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006) (plaintiff must plead injury to ability to challenge conviction or conditions of confinement).

The injury can be forward-looking, if the defendants' actions prevent a plaintiff from litigating a present or future lawsuit, or backward-looking, if the defendants' actions caused plaintiff to lose a lawsuit or a chance to sue. Christopher v. Harbury, 536 U.S. 403, 413-14 (2002). For a forward-looking claim, a plaintiff must allege that a "systemic official action frustrates [the] plaintiff or plaintiff class in preparing and filing suits at the present time." Id. The purpose of such claims is to "place the plaintiff in a position to pursue a separate

8

claim once the frustrating condition has been removed." Id. For a backward- looking claim, a plaintiff must show that the defendants caused him to lose a meritorious claim, a chance to sue on a meritorious claim or a chance to seek some particular order of relief. Id. at 414. A plaintiff must at least (1) describe an underlying non-frivolous claim and (2) explain how his ability to file or litigate the claim was or will be lost or impeded. Id. at 415-16. See also Walters v. Edgar, 163 F.3d 430, 434 (7th Cir. 1998) ("[I]f the denial [of access to courts] has had no effect on the legal relief sought by the plaintiff, no right has been violated.")

Plaintiff's proposed complaint involves both forward-looking and backward-looking components. First, he alleges that defendants are operating the legal loan system at the Oakhill Correctional Institution in an arbitrary fashion to prevent him from pursuing his pending litigation. However, since plaintiff filed his complaint, he has been released on parole. Notice of Change of Address, dkt. #6. Because plaintiff is no longer an inmate at the Oakhill Correctional Institution, any injunctive relief that the court might have issued against defendants would be of no benefit to plaintiff. Accordingly, his forward-looking claim for injunctive relief must be dismissed as moot. Maddox v. Love, 655 F.3d 709, 716 (7th Cir. 2011).

I will also dismiss plaintiff's backward-looking claim under Rule 8 because his allegations do not identify any actual injury. The core of plaintiff's complaint is that defendants denied him a legal loan that he needed to make copies of "supporting documents," which hindered his ability to pursue (1) his criminal appeal and writ of habeas corpus; (2) his complaints in the Inmate Complaint Review System; (3) his claims in Smith

9

<u>XRE v. Wallace</u>, Dane County Case No. 2011IP000074; and (4) his claims in <u>Smith v. Wallace</u>, Case No. 11-cv-646-slc (W.D. Wis.). However, plaintiff's allegations fail to explain what these documents were, why he needed them or how any of these legal actions were derailed because he could not make the copies.

Plaintiff's allegations about his criminal appeal and habeas corpus are insufficient to suggest that defendants affected his ability to pursue those claims. His complaint contains no allegations about the status of his criminal appeal *at the time of defendants' conduct*. Defendant Peterson denied plaintiff's application for a legal loan in part because she believed he had exhausted his direct appeals. If she was correct, her decision did not interfere with his appeal. Moreover, plaintiff does not explain how defendants' actions interfered with his appeal. For example, he does not identify any motions or briefs that he needed to prepare or explain why he needed to make copies from the law library to produce or file those documents. The complaint makes a cursory reference to a writ of habeas corpus but offers no explanation of the basis for this collateral attack or why plaintiff needed a legal loan to pursue it.

With respect to the Inmate Complaint Review System, plaintiff has filed numerous inmate complaints. He does not identify which complaints he believes were undermined by defendant's conduct or why he needed a legal loan to pursue them. Although defendants denied plaintiff's grievances *about the legal loans*, he has not alleged that their decision to deny him a loan prevented him from pursuing those inmate complaints.

With respect to <u>Smith XRE v. Wallace</u>, Dane County Case No. 2011IP000074,

10

plaintiff's allegations are unclear about the nature of this case, so I cannot say whether plaintiff even has a constitutional right of access to the courts with respect to this lawsuit. In any case, plaintiff has not identified how his claims in this case were prejudiced by defendant's conduct. His petition was denied on November 4, 2011, before he was transferred to the Oakhill Correctional Institution. Plaintiff mentions a deadline of November 29, 2011, but does not explain what this deadline was, why he needed to make copies to meet this deadline or even whether he missed the deadline.

Last, plaintiff has a nonfrivolous claim in Smith v. Wallace, No. 11-cv-646-bbc (W.D. Wis.), but again he has not alleged that his rights in that lawsuit were prejudiced. Moreover, plaintiff has received no adverse rulings in this case. He filed a timely amended complaint on December 28, 2011, Prop. Am. Cpt., dkt. #10, and was granted leave to proceed against several defendants. Order, dkt. #13. Although he was denied leave to proceed against several defendants, id., and not allowed to add those individuals as defendants, Order, dkt. #44, the rulings were based on the insufficiency of plaintiff's factual allegations. They were unrelated to plaintiff's ability to perform legal research or make copies of legal documents. Plaintiff might argue that defendants prevented him from responding to the summary judgment motion, but the court granted him an extension of time to reply to that motion, Order, dkt. #32, and, in any case, that motion was denied. Order, dkt. #44.

The only potentially troubling fact that plaintiff alleges is that defendants denied his application for a legal loan after he received a discovery request from the Attorney General for the State of Wisconsin on February 21, 2012. However, plaintiff's allegations do not

11

explain the outcome of this situation. He has not alleged that he failed to respond to the discovery request or that his failure to respond adversely affected his litigation of Smith v. Wallace. The docket sheet contains no reference to the discovery request.

Interpreted liberally, the allegations in plaintiff's proposed complaint fail to show that plaintiff is entitled to relief for a denial of access to the courts. His complaint will be dismissed without prejudice under Rule 8. Plaintiff may have three weeks in which to file an amended complaint addressing these deficiencies. If plaintiff chooses to file an amended complaint, plaintiff should include allegations that (1) identify the nature of the legal claims that he was pursuing in his lawsuits; (2) identify the documents of which he was unable to make copies without a legal loan; (3) and explain how defendants' conduct caused him to lose a specific legal claim or remedy. If petitioner does not file an amended complaint by August 30, 2012, I will dismiss this case with prejudice.


ORDER

IT IS ORDERED that plaintiff Maurice A. Smith is DENIED leave to proceed in forma pauperis and his complaint is DISMISSED without prejudice for failure to plead facts sufficient to provide notice of his claim under Fed. R. Civ. P. 8. Plaintiff will have until August 30, 2012, to submit a new amended complaint further detailing his claims as described in the opinion above; if plaintiff does not file a complaint by that time, the case

will be dismissed with prejudice and the clerk of court will be directed to close the case.

Entered this 9th day of August, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge